IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                              No. 09-cv-1021 SMV/LAM

CHARLES R. KOKESH,

    Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION IN LIMINE

THIS MATTER is before the Court on Plaintiff's Motion in Limine to Preclude Defendant Charles R. Kokesh from Offering Evidence or Argument at Trial That He Reasonably Relied on Advice of Counsel or on Advice of Accountants [Doc. 87], filed on May 5, 2014. Defendant responded on May 19, 2014. [Doc. 89]. Plaintiff replied on June 2, 2014. [Doc. 91]. Oral argument was heard on July 7, 2014. [Doc. 97]. The Court, having considered the briefing and arguments, the record, and the relevant law, and being otherwise fully advised in the premises, finds that the Motion is well-taken and shall be GRANTED.

### Background

Plaintiff Securities and Exchange Commission ("SEC") brought this action seeking money damages and injunctive relief against Defendant for alleged violations—or aiding and abetting of violations—of securities laws. Specifically, the SEC accuses Defendant of misappropriating approximately $45 million from four Commission-registered business-development companies ("BDCs"): Technology Funding Medical Partners I; Technology Funding Partners III, L.P.; Technology Funding Partners IV, L.P.; and Technology

Funding Partners V, L.P.  The SEC further alleges that Defendant controlled two now-defunct Commission-registered investment-adviser firms:  Technology Funding Ltd. ("TFL") and Technology Funding, Inc. ("TFI"), which in turn, controlled and provided investment advice to the BDCs pursuant to advisory contracts.  Acting by and through TFL and TFI, Defendant allegedly misappropriated the funds by causing the BDCs to pay distributions, performance fees, and expense reimbursements to TFL and TFI in violation of the advisory contracts.  The SEC believes that, in order to conceal the scheme, Defendant caused TFL and TFI to (1) distribute misleading proxy statements to BDC investors and (2) file false Commission reports on behalf of the BDCs.

Defendant denies any wrongdoing.  As is relevant to this motion, Defendant would like to introduce evidence and argument that even if wrongs occurred—which he does not concede— those wrongs are not attributable to Defendant because he relied on the expertise of the attorneys and accountants hired by the BDCs to get things right.  *See* [Doc. 88] at 5–6.  In pertinent part, Defendant explains in the First Amended Pretrial Order:

> The four BDCs engaged a nationally ranked law firm based in Washington, D.C. to serve as their legal counsel for corporate and securities law compliance matters.  The BDCs also engaged KPMG LLP and Arthur Andersen LLP, nationally ranked accounting firms, to serve as their independent public accounts and independent auditors. Additionally, the BDCs' Individual General Partners retained a nationally ranked law firm in Washington, D.C. to serve as their independent legal counsel.  The BDCs' independent lawyers drafted the proxy solicitations and periodic reports at issue in this action.  Mr. Kokesh did not play any substantive role in preparing the proxy solicitations and periodic reports, but electronically signed them at the direction of the Individual General Partners and Management Committees.  When he did so, he relied on the opinions of the BDCs' and Individual General Partners' lawyers that the proxy solicitations were proper and the written opinions of KPMG and Arthur Andersen that the

2

> proxy solicitations accurately presented the companies' financial position in all material respects.

*Id.*

Plaintiff filed the instant motion, arguing that Defendant should be precluded from presenting evidence or argument at trial that he reasonably relied on the advice of attorneys or accountants. [Doc. 87-1]. As Plaintiff correctly points out, in this Circuit, a party intending to assert the reliance-on-advice-of-counsel defense must show that he: (1) requested advice of counsel on the legality of a proposed action, (2) provided full disclosure of the relevant facts to counsel, (3) received on advice from counsel that the action to be taken would be legal, (4) relied in good faith on counsel's advice, and (5) had counsel who was independent. *United States v. Wenger*, 427 F.3d 840, 853 (10th Cir. 2005); *C.E. Carlson, Inc. v. SEC*, 859 F.2d 1429, 1436 (10th Cir. 1988) (applying the rule in a civil case)). Moreover, Plaintiff argues that evidence of Defendant's alleged reliance on the advice of professionals should be excluded under Fed. R. Evid. 403. [Doc. 87-1] at 8–9. Plaintiff explains that:

> A lay jury could easily believe that the fact that a lawyer is present at a meeting means that he or she must have implicitly or explicitly "blessed" the legality of all aspects of a transaction. Likewise, the fact that lawyers saw and commented on disclosure language could be understood as "blessing" the sufficiency of that disclosure. This misunderstanding would give the defendant all of the essential benefits of an advice of counsel defense without having to bear the burden of proving any of the elements of the defense.

*Id.* (quoting *SEC v. Tourre*, 950 F. Supp 2d 666, 684 (S.D.N.Y. 2013)). The danger of confusing the issues, misleading the jury, and wasting time, Plaintiff argues, would outweigh any probative value of evidence of Defendant's reliance on advice of professionals. *Id.*

3

Defendant responds that Plaintiff's motion should be denied as an untimely motion for summary judgment. [Doc. 89] at 1–5. He further argues that evidence of his reliance on the advice of professionals is relevant to the aiding-and-abetting claims because such reliance explains "*why* [he] had no contemporaneous knowledge of wrongdoing." *Id.* at 9, 2–10. Defendant does not argue one way or the other whether he could show the five *Wenger* elements. Instead, he argues that the *Wenger* elements are not applicable here because he does not intend to offer reliance-on-counsel evidence on the issue of his *willfulness*—which was the issue in *Wenger*—but, rather, on the issue of his *awareness* of any wrongdoing. *Id.* at 9–10. Finally, he argues that any danger of confusion regarding this evidence "plagues Mr. Kokesh, not [P]laintiff." *Id.* at 12.

## Standard

"Evidence is relevant if: **(a)** it has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence is generally admissible at trial. Fed. R. Evid. 402. However, under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Accordingly, Rule 403 calls on the trial court to weigh the evidence's probative value against its potential for confusion of the issues or misleading of the jury. In performing this balancing, the trial court has "considerable discretion" to determine the admissibility of the evidence. *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).

## Analysis

To resolve the issues arising from the instant motion, the Court looks to Fed. R. Evid. 403.  The heart of the matter at bar is whether the danger of confusing the issues and misleading the jury outweighs the probative value of the evidence.  The Court finds that, on balance, the danger does outweigh the probative value.  A lay jury could easily be confused and misled by Defendant's argument that lawyers were hired as "legal counsel for corporate and securities law compliance matters," accountants were hired as "independent auditors," and those lawyers and accountants were tasked with drafting the proxy solicitations and periodic reports.  *See* [Doc. 88] at 5–6.  Although Defendant would like to present such evidence to show that he was not aware of any wrongdoing, the evidence's probative value is outweighed by the danger that the jury will be misled and confused.  Such evidence is likely to be misinterpreted by a lay jury as implicit or explicit "blessings" of the legality and adequacy of all aspects of the transactions at issue.  This misunderstanding would give Defendant all of the essential benefits of an advice-of-counsel defense without his having to bear the burden of proving any of the elements of the defense.

Furthermore, the Court is not convinced by Defendant's argument that the motion should be denied as an untimely motion for summary judgment.  Plaintiff clarified at oral argument that it does not seek to *completely* exclude the evidence at issue but, instead, believes that Defendant should be required to show the five *Wenger* factors before presenting it.  Indeed, this Order should not be interpreted as forever excluding the disputed evidence.  Rather, in an effort to balance Plaintiff's legitimate Rule 403 concerns, the Court will require Defendant to seek leave before referencing reliance on advice of professionals in the presence of the jury.  To that same

end, if Defendant can proffer evidence that meets the five *Wenger* factors by September 19, 2014, this order may be reconsidered.

Accordingly, Defendant will not be permitted to introduce argument or evidence regarding attorneys or accountants, as such, without permission from the Court. Defendant shall not mention at any time in the presence of the jury—including but not limited to voir dire, opening statement, and direct or cross examination—the involvement of attorneys or accountants, as such, without the Court's permission. However, Defendant may call as witnesses any attorneys or accountants as identified in the Pretrial Order. Requiring express permission from the Court prior to the mentioning of or reference to attorneys or accountants will allow the Court to balance the probative value of the particular potential evidence or argument with the danger of confusing the issues or misleading the jury. This solution addresses both parties' issues regardless of the characterization, i.e., reliance on advice of counsel or Rule 403.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion in Limine to Preclude Defendant Charles R. Kokesh from Offering Evidence or Argument at Trial That He Reasonably Relied on Advice of Counsel or on Advice of Accountants [Doc. 87] is **GRANTED**. If Defendant can proffer evidence that meets the five *Wenger* factors by September 19, 2014, this order may be reconsidered

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

6