IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

v.                                                                             No. 09-cv-1021 SMV/LAM

CHARLES R. KOKESH,

      Defendant.

### TENTATIVE RULING ON DEFENDANT'S AMENDED
### OBJECTIONS TO PLAINTIFF'S CONTESTED EXHIBIT LIST

THIS MATTER is before the Court on Defendant's Amended Objections to Plaintiff's Exhibit List . . . [Doc. 127], filed on September 25, 2014.  Plaintiff responded on September 26, 2014.  [Doc. 129].  The Court heard oral argument at the pretrial conference on October 3, 2014.  In an effort to resolve the dispute, I propose the following tentative ruling:

      1.      I would like to begin by once more complimenting counsel on the professionalism and civility they have displayed throughout this litigation.  That professionalism and civility has resulted in the parties stipulating to the admissibility of the great majority of the exhibits in this case.  I must now rule on the (relatively) few exhibits that remain in dispute.

      2.      As I explained at the pretrial conference, I will admit all exhibits that have been represented to be Rule 1006 summaries of data contained in stipulated exhibits.  Defendant remains free to dispute the accuracy of the data, or to testify that he does not know where the data came from, etc., but those exhibits, e.g., Exhibits 399–402, will be admitted.  If I rule that other disputed exhibits shall be admitted, then any Rule 1006 summaries of those exhibits,

e.g, Exhibits 394–398 and 403, shall be admitted as well. Defendant, of course, remains free to contest the accuracy of the summaries.

3.	Regarding the remaining disputed documents, Plaintiff states that they are all records of TFL and TFI ("the Funds") that Defendant produced during the course of the SEC's pre-litigation investigation of the Funds. Plaintiff argues that Defendant should be estopped from claiming that the documents are not what they purport to be, considering he was the person who produced them to the SEC.

4.	Defendant concedes that, as CEO and regulatory compliance officer of the Funds, he produced a huge volume of documents to the SEC in response to its request for documents. However, he will not stipulate that the documents Plaintiff now seeks to introduce as exhibits at trial are, in fact, copies of documents he produced. Defendant also objects to the exhibits on the grounds that they contain hearsay and the SEC has not laid the foundation for their admission as business records under Rule 803(6). In response, Plaintiff argues that the documents are admissions of a party-opponent and are thus not hearsay. *See* Fed R. Evid. 801(d)(2).

5.	At the pretrial conference, I asked the parties to brief the issue of whether documents attached to a letter sent by a regulated entity to the regulating agency constitute admissions of the sender of the letter. I also scheduled an evidentiary hearing for October 24, 2014, for the SEC to call witnesses to lay the foundation for the admission of the disputed documents.

6.	Having given this matter much consideration since the pretrial conference, I am inclined to find that the documents are not hearsay because they are adopted admissions of a

party-opponent. *See* Fed. R. Evid. 801(d)(2). In the alternative, I am inclined to admit the disputed documents into evidence under Rule 807. My reasoning is as follows.

7. First, I have assumed—without finding—that the following facts are true:
    a. The SEC requested information from the Funds pursuant to its statutory authority;
    b. At the time the SEC sent the requests for information, Defendant was the CEO and regulatory compliance officer for the Funds;
    c. Defendant, as CEO and regulatory compliance officer for the funds, had a legal obligation to respond (1) on behalf of the Funds, (2) with true and accurate information;
    d. The records produced by Defendant were records that the Funds were legally required to maintain; and
    e. The SEC is able to call a competent records custodian to authenticate the disputed documents. That is to say, the SEC is prepared to call someone who will testify, "The SEC sent a records request to the Funds. Mr. Kokesh responded with a cover letter dated ____. Plaintiff's Exhibit ___ is a true and authentic copy of Enclosure ___ to Mr. Kokesh's cover letter."

8. Again, let me emphasize that I have not made any findings as to the truth of 7a–e, above. I am assuming they are true facts based on representations made by Plaintiff's counsel. If Defendant's counsel disputes those facts, I will allow him the opportunity to do so at the hearing scheduled for October 24.

9. But assuming those facts to be true, I am inclined to find that the disputed documents, which were enclosures to letters that Defendant admits sending to the SEC, are adopted admissions of a party opponent. Obviously, Defendant was aware that the Funds were being investigated when he sent the letters. He thus had every incentive to produce true and accurate information, as did those who compiled the information for him. He was authorized by

3

the Funds to produce the information.  And he provided the information to the SEC within the scope of his employment or agency relationship with the Funds.  Thus, I believe all the requirements of Rule 801(d)(2)(A)–(D) are satisfied.

      10.      In the alternative, I am inclined to find that the disputed documents are admissible under Rule 807.  That Rule provides as follows:

> **(a) In General.** Under the following circumstances, a hearsay statement is not excluded by the rule against hearsay even if the statement is not specifically covered by a hearsay exception in Rule 803 or 804:
>
>    **(1)** the statement has equivalent circumstantial guarantees of trustworthiness;
>
>    **(2)** it is offered as evidence of a material fact;
>
>    **(3)** it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts; and
>
>    **(4)** admitting it will best serve the purposes of these rules and the interests of justice.
>
> **(b) Notice.** The statement is admissible only if, before the trial or hearing, the proponent gives an adverse party reasonable notice of the intent to offer the statement and its particulars, including the declarant's name and address, so that the party has a fair opportunity to meet it.

      11.      I believe that all the requirements of Rule 807 are satisfied.  I believe the documents have the "equivalent circumstantial guarantees of trustworthiness" required by the Rule.  As mentioned, Defendant, as well as those who compiled the information for him, had every incentive to provide true and accurate information to the SEC.  It was in their best interest to do so because not doing so could have subjected them to civil and criminal penalties.  The

information contained in the documents is being offered as evidence of a material fact, e.g., directors' compensation.  The information is more probative on the point for which it is offered than any other evidence that the proponent can procure through reasonable efforts.  Indeed, it may be the only evidence available to the Plaintiff.  Finally, I find that the general purpose of the rules and the interest of justice will best be served by admission of the statements into evidence, again, assuming they are properly authenticated.

12. I propose the following resolution of this issue.  If defense counsel is satisfied that Plaintiff can properly authenticate the documents, I would suggest that the Plaintiff provide a records custodian declaration, signed and notarized, authenticating the documents as true and authentic copies of documents produced by Defendant in response to the SEC's requests.  The documents will be introduced into evidence.  Once they are admitted, both sides will be allowed to argue the weight they are to be given.  Defendant will not be bound by the information contained in the disputed documents (they will be considered admissions only for purposes of Rule 801(d)(2)).  Defendant will be free to contest the truthfulness or accuracy of the data contained in the documents, or to testify that he has no knowledge of how they were prepared.  However, he will not be allowed to contest that he sent the documents to the SEC.  Defendant's objections to the disputed documents (i.e., authenticity and hearsay) will be preserved.

13. This is a tentative ruling only.  Counsel are instructed to confer with each other **prior to 5:00 p.m. MDT on Thursday, October 9, 2014**, to determine whether they are both willing to accept the tentative ruling.  If they are, counsel for Plaintiff shall notify my chambers as soon as possible.  Plaintiff's counsel shall then prepare an order, circulate it for approval, and submit it for my signature at vidmarchambers@nmcourt.fed.us **no later than 4:00 p.m. MDT**

**on Wednesday, October 15, 2014**. If the parties accept this tentative ruling, they will not need to brief the issue mentioned in paragraph 5, above, and I will vacate the hearing scheduled for October 24, 2014.

      14.    If this tentative ruling does not resolve the issue, then Plaintiff's counsel shall notify my chambers, and the briefing schedule and hearing set for October 24, 2014, shall remain unchanged. If we proceed with the October 24 hearing, Plaintiff shall produce a witness or witnesses to authenticate the disputed exhibits (see paragraph 7(e), above) and to establish the facts listed in paragraph 7(a)–(d), above. Plaintiff **NEED NOT** produce a witness or witnesses to establish that the disputed documents qualify as Rule 803(6) records of regularly conducted business activity.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**