IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**SECURITIES AND EXCHANGE**
**COMMISSION,**

    **Plaintiff,**

v.                                                                                     No. 09-cv-1021 SMV/LAM

**CHARLES R. KOKESH,**

    **Defendant.**

## ORDER RESULTING FROM PRETRIAL CONFERENCE

THIS MATTER is before the Court on Defendant's Objections to Plaintiff's Witness List [Doc. 112], filed on September 8, 2014, on the parties' Proposed Consolidated Statement of the Case [Doc. 108], and on various other matters heard at the pretrial conference on October 3, 2014. For the reasons stated on the record at the pretrial conference, the Court makes the following rulings:

**Defendant's Objections to Plaintiff's Witness List [Doc. 112]**

Defendant's objection to Plaintiff's witness Carol Strumbaugh is OVERRULED at this time. However, Defendant may raise the objection again at trial.

Defendant's objections to Plaintiff's witnesses Fred Winters and Robert McCutchen are SUSTAINED, and Plaintiff may not call Mr. Winters or Mr. McCutchen as witnesses at trial. However, if Plaintiff opens the door to evidence on the reliance-on-advice-of-professionals defense, and if the Court allows such evidence from Defendant, the Court may reconsider excluding Mr. Winters and/or Mr. McCutchen as witnesses.

Defendant's objections to Plaintiff's witnesses Gregory C. Freeman, Edward Rossol, and Geoffrey Shepherd are SUSTAINED IN PART. Plaintiff may call Mr. Freeman, Mr. Rossol, and Mr. Shepherd as witnesses at trial but only as records custodians (or rebuttal witnesses to an unanticipated issue) and not as substantive witnesses.

**Jury Selection and Voir Dire**

The Court will read its Brief Statement of the Case [Doc. 137] to the venire prior to voir dire. If counsel wish to propose changes, they should submit their proposed changes in writing **no later than October 10, 2014**. Each side may have 30 minutes for voir dire. Attorneys may not elicit any promise from any panel member. Each side will have three peremptory challenges. Counsel agree to summonsing thirty potential jurors and impaneling nine jurors. No alternate jurors will be chosen; all jurors will participate in deliberations.

**Jury Instructions**

The Court will file a set of proposed instructions on the record. The proposed set of instructions will encompass the Court's rulings on the parties' objections. *See* Plaintiff's Objections to Defendant's Proposed Jury Instructions [Doc. 114]; Defendant's Objections to Plaintiff's Requested Jury Instructions [Doc. 113]. Any new objection—not previously raised—may be raised by the deadline that accompanies the proposed instructions. Parties' previously raised objections are preserved and should not be restated in response to the proposed instructions.

Plaintiff's objection to Defendant's Proposed Instruction number 10 (regarding the statute-of-limitations defense of fraudulent concealment) is SUSTAINED. *See* [Doc. 105] at 23 (Defendant's Proposed Instruction Number 10); [Doc. 114] at 11 (Plaintiff's objection to same).

Defendant's Proposed Instruction number 10 will not be given to the jury.  Moreover, Defendant may not testify about the statute-of-limitations defense in front of the jury.

### Parties' Proposed Consolidated Statement of the Case [Doc. 108]

The Court will read pages 1–6 of the parties' Proposed Consolidated Statement of the Case [Doc. 108] aloud to the jury.  Counsel agree that the stipulated factual contentions at pages 6–14 need not be read aloud to the jury and, instead, may be provided to them in writing.

### Opening and Closing Statements

Each side may have 45 minutes for opening statement and 45 minutes for closing argument.

### Exhibits

All stipulated exhibits are hereby admitted into evidence.  All demonstrative exhibits must be approved by the Court and shown to opposing counsel in advance.

Plaintiff's Objections to Defendant's Contested Exhibits [Doc. 115] require no ruling beyond the Court's Order on Plaintiff's Expedited Motion to Compel Defendant to Disclose his Trial Exhibit List . . . [Doc. 121], which is filed concurrently herewith.

Defendant's Objections to Plaintiff's Contested Exhibits [Doc. 127] are being addressed in the Court's Tentative Ruling [Doc. 139].  If the Tentative Ruling is *not* accepted by the parties, they shall brief the issue of whether documents attached to a letter sent by a regulated entity to the regulating agency constitute admissions of the sender of the letter, fall within the business records exception, or are otherwise admissible.  Plaintiff's brief is due by **October 10, 2014**, and Defendant may respond no later than **5:00 p.m. MDT on October 15, 2014**.  A hearing is set for **October 24, 2014, at 9:00 a.m.**, in the Doña Ana Courtroom in Las Cruces.

Counsel should set aside the entire day for the hearing. Lastly, counsel shall file a final list of the exhibits to which Defendant objects on foundational grounds no later than **4:00 p.m. MDT on October 15, 2014**. Such list is not an opportunity to raise new foundational objections but, rather, to identify the exhibits to which foundational objections remain. Accordingly, new objections will be overruled.

If the tentative ruling *is accepted* by the parties, the briefing schedule in the above paragraph will be vacated, the October 24, 2014 hearing will be vacated, and there will be no need to submit a final list of exhibits to which Defendant objects on foundational grounds. However, the parties will be required to prepare a proposed order, circulate it for all counsel's approval, and submit it to my chambers at smvproposedtext@nmcourt.fed.us no later than **4:00 p.m. MDT on October 15, 2014**.

### Trial Schedule

On the first day of trial, November 10, 2014, jury selection will begin at 9:00 a.m. **Attorneys must be present in the courtroom and ready to begin at 8:00 a.m.** Thereafter, attorneys and witnesses must be present and ready to begin at least half-an-hour prior to the day's start-time. Each day's start-, end-, and break-times will be determined with input from the jury. Defendant has invoked The Rule of Exclusion. *See* Fed. R. Evid. 615. All witnesses must be ready when called. Plaintiff's counsel should inform Defendant's counsel which witnesses will be called on which days and in what order.

### Courtroom Technology

Counsel must be prepared to ably operate any courtroom technology that he or she plans to utilize. It is entirely incumbent on counsel to make arrangements for a briefing *prior to the*

*start of trial* with the Lorenzo Diaz at (575) 528-1457.  Once the trial begins, the Court will not allow any time for figuring out how to use the technology.  Counsel will be required to proceed irrespective of whether the technology is working or not.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Objections to Plaintiff's Witness List [Doc. 112] are **SUSTAINED IN PART** and **OVERRULED IN PART**.

**IT IS FURTHER ORDERED** that parties' Proposed Consolidated Statement of the Case [Doc. 108] will be submitted to the jury as ordered herein.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**