IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                            No. 09-cv-1021 SMV/LAM

CHARLES R. KOKESH,

    Defendant.

## AMENDED ORDER ON
## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EXHIBITS 591–598

THIS MATTER is before the Court on Defendant's Objections to Plaintiff's Exhibits 591–598 [Doc. 151], filed on October 20, 2014.  The Court notes that the exhibits in question were not addressed in the Declaration of Tina Justice [Doc. 149] or the Court's Order on Defendant's Amended Objections to Plaintiff's Contested Exhibit List [Doc. 150], filed on October 20, 2014.  The Court also notes that the exhibits in question were disclosed only two business days before the pretrial conference on October 3, 2014.  Being fully advised in the premises, the Court makes the following rulings:

      1. The Court is not convinced that Plaintiff has laid a proper foundation for Exhibit 591.  Therefore, the Court will reserve ruling on Exhibit 591 until trial.

      2. Exhibits 592–595 appear to be communications from Mr. Kokesh to various other individuals.  The Court will reserve ruling on admission of Exhibits 592–595 until trial.  Assuming Plaintiff can lay the proper foundation, the Court will admit the exhibits.  Plaintiff may lay the foundation by Declaration or by live testimony at trial.

3. Exhibit 596 comprises three pages. The first page appears to be a letter to Mr. Kokesh from an investor. That letter is hearsay. The Court will reserve ruling on that letter until trial. The second two pages appear to be an unsigned response from Mr. Kokesh to the investor. There is no indication how or when the SEC obtained the letter. The Court will reserve ruling on that letter as well. Plaintiff will be allowed an opportunity to lay the foundation for the admission of the letter, through Mr. Kokesh or another live witness at trial.

4. Defendant's objections to Exhibit 597 are overruled, and Exhibit 597 is hereby admitted.

5. Plaintiff redacted Exhibit 598 pursuant to the Court's Order [Doc. 98] granting Plaintiff's Motion in Limine [Doc. 87]. Defendant objects on the grounds that the redactions are likely to confuse the jury. That objection is overruled. Exhibit 598 is a transcript, with attached exhibits, of Mr. Kokesh's testimony before the SEC in the matter of Technology Funding, Limited. The first 322 pages contain Mr. Kokesh's testimony; the remaining pages are exhibits to his testimony. I will refer to these exhibits as "the attachments." The Court will not admit the first 322 pages as an exhibit. Plaintiff may use the sworn testimony to the extent allowed by the Rules of Civil Procedure and the Rules of Evidence, but the transcript itself will not be admitted as an exhibit. The Court has not read the entire transcript, so the Court cannot say whether Mr. Kokesh authenticated each of the attachments to his testimony and laid a proper foundation for their admission. It appears that he has, but that is unclear. Nor is it clear whether any of the attachments are documents that have already been admitted pursuant to [Doc. 150]. To the extent that any of the attachments have not been previously admitted pursuant to [Doc. 150], the Court will reserve ruling on these documents until trial. Assuming Plaintiff can lay the proper

foundation, the Court will admit the exhibits.  Plaintiff may lay the foundation by Declaration or by live testimony at trial.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Objections to Plaintiff's Exhibits 591–598 [Doc. 151] are **SUSTAINED IN PART** and **OVERRULED IN PART**.  The Court will not admit pages 1–322 of Plaintiff's Exhibit 598.  The Court reserves ruling until trial on admission of Plaintiff's Exhibits 591–596 and pages 323−871 of Exhibit 598.  Plaintiff's Exhibit 597 is admitted.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**