IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                                                                                                     No. 09-cv-1021 SMV/LAM

CHARLES R. KOKESH,

    Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING
### PLAINTIFF'S MOTION FOR ENTRY OF AMENDED FINAL JUDGMENT

THIS MATTER is before the Court on remand from the Tenth Circuit Court of Appeals and the Supreme Court of the United States. Based on the orders of the higher courts, Plaintiff now moves for an amended Final Judgment [Doc. 205]. Defendant responded on September 25, 2018. [Doc. 207]. Plaintiff replied on October 11, 2018. [Doc. 209]. The parties consented to have the undersigned conduct all proceedings, including entry of final judgment. [Doc. 46]. The Court has considered the briefing, the relevant portions of the record, and the relevant law. Being otherwise fully advised in the premises, the Court will **GRANT** Plaintiff's Motion and enter an amended Final Judgment as described herein.

### I.     BACKGROUND

Between 1995 and 2009, Defendant misappropriated $34.9 million from four business-development companies. Defendant then concealed the misappropriations by filing false Forms 10-K and 10-Q with the Securities and Exchange Commission. Plaintiff sued Defendant in 2009 alleging violations of various securities laws, including the Investment Company Act of

1940, the Securities Exchange Act of 1934 (plus various Rules thereunder), and the Investment Advisers Act of 1940. [Doc. 1]. After a five-day trial, a jury found that Defendant violated the above Acts. The Court entered judgment against Defendant on March 30, 2015, ordering him to pay $2,354,593 in civil penalties and to disgorge $34,927,329 plus pre-judgment interest. [Doc. 185]. The Court also permanently enjoined Defendant from violating the above securities laws. *Id.*

Defendant appealed to the Tenth Circuit Court of Appeals on the grounds that (1) the disgorgement and permanent injunction represented civil fines, penalties, or forfeitures subject to a five-year statute of limitations under 28 U.S.C. § 2462; and (2) the Court should not have excluded certain evidence at trial. Appellant's Opening Br. to Tenth Circuit 3. The Tenth Circuit affirmed. *SEC v. Kokesh*, 834 F.3d 1158 (10th Cir. 2016).

Defendant then appealed to the Supreme Court, where the only issue he presented was whether § 2462's five-year statute of limitations applied to claims for disgorgement. Pet. for a Writ of Cert. i. Ultimately, the Supreme Court held that "[d]isgorgement in the securities-enforcement context is a 'penalty' within the meaning of § 2462, and so disgorgement actions must be commenced within five years of the date the claim accrues." *Kokesh v. SEC*, 137 S. Ct. 1635, 1639 (2017).

On remand from the Supreme Court, Defendant urged the Tenth Circuit to find that the entire action against him was time-barred. His theory focused on when the SEC's claims "accrued." As Defendant saw it, the claims against him for disgorgement (and other civil penalties) "first accrued" when he began his fraudulent schemes. Because the first occasions on which he engaged in each type of misappropriation occurred as early as 1995 and no later than

2

2001, Defendant argued that the entire action was time-barred. Appellant's Suppl. Mem. Br. to Tenth Circuit 1–2. Defendant argued in the alternative that if the entire action were not barred, at least the claims for disgorgement (and for other civil penalties) should be time-barred on the same interpretation of when the claims "first accrued." *Id.* at 2.

The Tenth Circuit was not persuaded. The court held that Defendant's misappropriations of funds were properly viewed as discrete violations. *SEC v. Kokesh*, 884 F.3d 979 (10th Cir. 2018). It found that Defendant had converted $5,004,773 within the five-year limitations period (i.e., after October 27, 2004), and it remanded the case to this Court with instructions to enter an order requiring Defendant to disgorge $5,004,773. *Id.* at 985.

### III. ANALYSIS

Plaintiff requests that the Court enter the following judgment: (1) $2,354,593 in civil penalties,[1] (2) permanent injunctions prohibiting Defendant from disobeying various securities laws, and (3) disgorgement of $5,004,773, plus $2,646,466.25 in pre-judgment interest thereon. [Doc. 205-2] at 1–2. Plaintiff requests pre-judgment interest running from January 1, 2006 (the start date used to calculate the interest in the Court's March 2015 judgment) through February 28, 2015 (the month before the jury's original verdict). [Doc. 205] at 6; [Doc. 205-1]. In response, Defendant first argues that the Court can award Plaintiff nothing beyond $5,004,773 in disgorgement, because the Tenth Circuit's mandate did not mention civil penalties, pre-judgment interest, or injunctive relief. [Doc. 207] at 3. Defendant also argues that Federal Rule of Appellate Procedure 37(b) prohibits the Court from awarding pre-judgment interest because the Tenth

---

[1] When the Court refers to "civil penalties" herein, it refers to the civil penalties awarded in its 2015 judgment but not to disgorgement. *See* [Doc. 185].

3

Circuit's mandate did not provide for interest. *Id.* at 4–8. For the following reasons, the Court disagrees with each of Defendant's arguments.

> **A. Defendant waived any issue not raised in his appeals to the Tenth Circuit or the Supreme Court, including the Court's imposition of civil penalties, the injunction, and the award of pre-judgment interest on the disgorgement.**

The law-of-the-case doctrine requires that once a court decides an issue in a case, its ruling binds further determination of the same issue within the case. *Huffman v. Saul Holdings Ltd. P'ship*, 262 F.3d 1128, 1132 (10th Cir. 2001). When an appellate court remands a case, the doctrine provides that "the decision of the appellate court establishes the law of the case and ordinarily will be followed by . . . the trial court on remand." *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1183 (10th Cir. 1995). The mandate rule—a corollary to the law-of-the-case doctrine—provides that a district court "must comply strictly with the mandate rendered by the reviewing court." *Huffman*, 262 F.3d at 1132 (quoting *Ute Indian Tribe v. Utah*, 114 F.3d 1513, 1521 (10th Cir. 1997)). The mandate rule, however, still gives the district court authority to rule on issues not explicitly mentioned in the mandate if the appellate court did not expressly or impliedly decide the issues. *Cook v. Rockwell Int'l Corp.*, 790 F.3d 1088, 1104 n.7 (10th Cir. 2015) ("[A]ny avenue a court of appeals does not specifically foreclose remains available on remand."); *United States v. West*, 646 F.3d 745, 749 (10th Cir. 2011) ("[T]he scope of the mandate on remand in the Tenth Circuit is carved out by exclusion: unless the district court's discretion is specifically cabined, it may exercise discretion on what may be heard."); *Proctor & Gamble Co. v. Haugen*, 317 F. 3d 1121, 1126 (10th Cir. 2003) ("Although a district court is bound to follow the mandate . . . 'a district court on remand is free to pass upon any issue which was not expressly or impliedly

4

disposed of on appeal.'" (quoting *Newball v. Offshore Logistics Int'l*, 803 F.2d 821, 826 (5th Cir. 1986))).

The scope of a mandate depends on the arguments the appellate court heard before writing its opinion; if a party waives or abandons a challenge, a mandate's failure to expressly mention the challenge does not bar the district court from ruling on the issue. *Estate of Cummings v. Cmty. Health Sys., Inc.*, 881 F.3d 793, 801 (10th Cir. 2018). In *Estate of Cummings*, the Tenth Circuit prohibited the district court from revisiting the issue of personal jurisdiction because the plaintiff voluntarily dismissed its personal jurisdiction challenge on appeal. *Id.* at 796–801. The Tenth Circuit stated:

> Failing to raise an argument on appeal, or abandoning an issue that was initially raised, has the same consequences . . . as an adverse appellate ruling on that issue. Thus, the mandate rule applies not only to issues on which the higher court has ruled but also "forecloses litigation of issues decided by the district court but [forgone] on appeal or otherwise waived."

*Id.* at 801 (alteration in original) (quoting *Doe v. Chao*, 511 F.3d 461, 466 (4th Cir. 2007)). Since the plaintiff did not appeal the district court's dismissal based on personal jurisdiction, the appellate court's mandate prevented the district court from revisiting the issue. *Id.*

Here, Defendant waived any challenge to the imposition of civil penalties and the injunction by failing to pursue them at the Tenth Circuit or the Supreme Court. As previously stated, when Defendant appealed to the Tenth Circuit in 2015, he raised two issues. The first was an evidentiary issue not pertinent to the present motion. The second was "[w]hether the District Court erroneously concluded that its order of *disgorgement and permanent injunctions* against Appellant's securities law violations" was not a penalty. Appellant's Opening Br. to Tenth Circuit 13 (emphasis added). Subsequently, when Defendant appealed to the Supreme Court, the sole

5

question presented was: "Does the five-year statute of limitations in 28 U.S.C. § 2462 apply to claims for '*disgorgement*'?" Pet. for a Writ of Cert. i (emphasis added). Defendant waived any arguments against the award of civil penalties by failing to appeal the award to the Tenth Circuit and abandoned his argument that the injunction represented a penalty by failing to appeal that issue to the Supreme Court. He cannot complain that the Tenth Circuit's most recent mandate does not discuss these remedies when he never asked the Supreme Court or Tenth Circuit to consider them. Defendant's waiver and abandonment of his challenges to the civil penalties and permanent injunction allow this Court to award those remedies now. *See United States v. Husband*, 312 F.3d 247, 250 (7th Cir. 2002) ("[A]ny issue that could have been but was not raised on appeal is waived and thus not remanded.").

> **B.  Rule 37 does not prohibit the award of pre-judgment interest on the disgorgement under the facts of this case.**

Defendant argues that Federal Rule of Appellate Procedure 37(b) prohibits this Court from awarding pre-judgment interest because the Tenth Circuit's mandate states only a specific amount to be disgorged without mentioning pre-judgment interest. [Doc. 207] at 4. The Court disagrees. Federal Rule of Appellate Procedure Rule 37 states:

> (a) When the Court Affirms. Unless the law provides otherwise, if a money judgment in a civil case is affirmed, whatever interest is allowed by law is payable from the date when the district court's judgment was entered.
> (b) When the Court Reverses. If the court modifies or reverses a judgment with a direction that a money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest.

Fed. R. App. P. 37. According to the advisory committee notes, in adopting Rule 37(b) the committee meant to codify the holding of *Briggs v. Pennsylvania Railroad Co.*, where the Supreme Court held that a district court may not award interest between the date of the verdict and the date

6

of judgment if the appellate court's mandate does not authorize such an award. 334 U.S. 304, 305–06 (1948); *see* Fed. R. App. P. 37 advisory committee notes (Rule 37(b) "is a reminder to the court . . . of the *Briggs* rule."); *Stewart v. Donges*, 20 F.3d 380, 382 (10th Cir. 1994) ("The *Briggs* rule has been codified in Fed. R. App. P. 37.").

Rule 37, however, does not apply to waived issues. In *Stewart v. Donges*, the Tenth Circuit affirmed the district court's award of interest on attorneys' fees on remand despite the mandate's failure to expressly allow it. 20 F.3d at 381–82. The district court's first judgment awarded interest to the plaintiff, which the defendant did not appeal. *Id.* The Tenth Circuit distinguished *Briggs* because in *Briggs*, the original verdict did not include an award of interest. *Id.* at 382. In *Stewart*, on the other hand, the district court's original verdict included interest and, because the defendant never appealed the award of interest (only the underlying award of attorneys' fees), no appellate decision reversed the award of interest. *Id.* "Thus, the portion of the district court's judgment providing for interest was not *reversed or modified* on appeal," as required by Rule 37(b). *Id.* (emphasis added). Unlike *Briggs*, where the district court imposed interest for the first time on remand, the relief in *Stewart* concerned a waived issue. Rule 37 was therefore "inapplicable." *Id.*

*Stewart* governs the instant case, making Rule 37(b) inapplicable. Here, as in *Stewart*, this Court awarded interest in its original judgment, an award Defendant never directly challenged on appeal. Neither the Tenth Circuit nor the Supreme Court had occasion to discuss pre-judgment interest because Defendant never raised the issue. *See* Appellant's Opening Br. to Tenth Circuit 13 (appealing disgorgement and injunctive relief only); Pet. for a Writ of Cert. i (characterizing the question presented as whether the statute of limitations applied to disgorgement). Therefore, their opinions requiring this Court to award disgorgement "did not change [the Court's]

7

determination regarding interest," allowing the district court to "award interest without running afoul of *Briggs*." *Stewart*, 20 F.3d at 382. Because Defendant waived his challenge to pre-judgment interest, and the Tenth Circuit's reversal and remand did not disturb this Court's 2015 award of pre-judgment interest, it will be included in the amended judgment.

Defendant tries to distinguish *Stewart* by focusing on language in the *Stewart* opinion that is not pertinent to the issue sub judice. Defendant argues that Rule 37 did not apply in *Stewart* because the Tenth Circuit had not completely reversed the district court there. [Doc. 207] at 6. Here, the Tenth Circuit reversed this Court's award of disgorgement. *Kokesh*, 884 F.3d at 985. One issue in *Stewart*, however, was the date on which post-judgment interest would begin to run: the date of the district court's original (reversed) judgment versus the date of the final award post-remand. *Stewart*, 20 F.3d at 382. Whether the previous Tenth Circuit reversal "was a complete reversal" mattered because, if the Tenth Circuit never completely reversed the original fee award, then post-judgment interest would begin to accrue as of the date of the earlier judgment. *Id.* The extent of reversal in *Stewart* did not matter for its related holding: that *Briggs* and Rule 37 do not apply when the Tenth Circuit's decision "[does] not change the district court's determination regarding interest." *Id.* In the case at bar, no dispute exists over the date on which interest begins. The parties do not contest that, if the Court grants pre-judgment interest, it begins to accrue on January 1, 2006. [Doc. 205-1] at 1. Therefore, whether the Tenth Circuit's decision here constituted a "complete reversal" is irrelevant; the Supreme Court and Tenth Circuit reversed on the narrow issue of disgorgement, and Defendant's waiver of arguments against awarding pre-judgment interest allows this Court to grant it.

8

Alternatively, Defendant argues that the Tenth Circuit's mandate prohibits the Court from awarding pre-judgment interest. [Doc. 207] at 6–7. Defendant claims that because *Plaintiff* requested pre-judgment interest in its July 28, 2017 appellate briefing on remand, Suppl. Br. of Pl.-Appellee 2, 6, and the Tenth Circuit remanded without expressly providing for interest, the Tenth Circuit "impliedly foreclosed a consideration of that question on remand." *Phillips Petroleum Co. v. Oldland*, 187 F.2d 780, 782 (1951). As noted above, however, an award of pre-judgment interest impliedly became part of any future appellate mandate when Defendant waived that issue on appeal. *See Estate of Cummings*, 881 F.3d at 801 (holding that an issue is impliedly foreclosed on remand when it is waived or abandoned). Nowhere in Defendant's appellate briefing did he argue that, should disgorgement be awarded, adding pre-judgment interest to it would be inappropriate. Therefore, an award of pre-judgment interest is not foreclosed merely because the Tenth Circuit did not mention a waived issue.

Defendant never once contested an award of pre-judgment interest. It is little wonder, therefore, that neither the Tenth Circuit nor the Supreme Court discussed it. Defendant cannot contest the propriety of an award of interest now. *See United States v. Morris*, 259 F.3d 894, 898 (7th Cir. 2001) ("[P]arties cannot use the accident of remand as an opportunity to reopen waived issues."). Because Defendant does not argue that the amount of pre-judgment interest requested is inappropriate, the Court will award Plaintiff $5,004,773 in disgorgement plus $2,646,466.25 of pre-judgment interest.

## III. CONCLUSION

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Final Judgment Against Defendant Charles R. Kokesh [Doc. 205] is **GRANTED**. Defendant will disgorge $5,004,773 (plus an additional $2,646,466.25 in pre-judgment interest), pay $2,354,593 in civil penalties, and be enjoined from violating the securities laws discussed in *supra* Section I.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**